# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-349V
### Filed: August 20, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
ARIKA BROWNE,                          *
                                       *
            Petitioner,                *      Ruling on Entitlement; Concession;
                                       *      Influenza; Shoulder Injury ("SIRVA")
                                       *      Special Processing Unit ("SPU")
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                       *
            Respondent.                 *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On April 7, 2015, Arika Browne filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a left shoulder injury as a result of the administration of an influenza vaccine. Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 20, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 3.  Specifically, respondent states that "DICP concludes that petitioner suffered a SIRVA injury and that the preponderance of the medical evidence indicates that the injury was causally related to the flu vaccination she received on September 15, 2014."

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* at 3.  Respondent further agrees that petitioner met the statutory requirements by suffering her condition for more than six months.  *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master